# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LA LIGA LEAGUE, LLC, PERFORMANCE INDOOR TRAINING, LLC, and PERFORMANCE INDOOR TRAINING OUTDOOR, LLC, §§§§§§§§§§§§§§§§§ *Plaintiffs*, v. U90C MANAGEMENT GROUP, LLC, DAWN L. SIMPSON, MONTY D. HOLLOWAY, BEAU JAUSSI, MICHAEL WILSON, and THE MAREAU GROUP, LLC, *Defendants*. | CIVIL ACTION NO. 4:20-CV-00726 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants U90C Management Group, LLC's and Beau Jaussi's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #21) and Defendants Dawn L. Simpson, Monty D. Holloway, Michael Wilson, and the Mareau Group, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #22). Having considered the motions and the relevant pleadings, the Court finds that Defendants' motions should be **DENIED**.

### BACKGROUND

This case arises out of a business relationship between Plaintiffs and Defendants. Plaintiffs own and operate several soccer leagues throughout the Dallas-Fort Worth metroplex, and Defendant U90C Management Group, LLC ("U90C") manages and operates soccer tournaments in the same area. Plaintiffs sought to acquire U90C and the tournaments the U90C owned and operated. The parties also discussed the possibility of Defendants assisting Plaintiffs with the

management and operation of a new soccer league created and owned by Plaintiffs. This new soccer league—the Texas Clubs Soccer League ("TCSL")—was to be sanctioned by US Club Soccer. The management discussion quickly took priority, and the parties postponed Plaintiffs' acquisition of U90C until the parties had sufficient time to dedicate to the venture.

In accordance with an agreement entered into by the parties, U90C managed the TCSL league until U90C informed Plaintiffs that it wanted to cease management in May of 2019. Plaintiffs attempted to find a replacement for U90C. When Plaintiffs could not find a suitable replacement, Plaintiffs asked U90C to once again manage the league—to which U90C agreed for additional compensation. U90C ceased management of the league in the spring of 2020.

This suit followed in September of 2020, whereby Plaintiffs brought claims for trademark infringement, business disparagement and defamation, breach of contract, promissory estoppel, breach of fiduciary duty, tortious interference with existing contracts, tortious interference with prospective relationships, and fraudulent misrepresentation. Further, Plaintiffs seek an accounting.

On December 8, 2020, Defendants U90C and Beau Jaussi ("Jaussi") filed the present motion (Dkt. #21). On December 9, 2020, Defendants Dawn L. Simpson ("Simpson"), Monty D. Holloway ("Holloway"), Michael Wilson ("Wilson"), and the Mareau Group, LLC ("the Mareau Group") filed their motion to dismiss and joined in Defendants U90C and Jaussi's motion (Dkt. #22). On January 5, 2021, Plaintiffs filed their response (Dkt. #29). On January 12, 2021, Defendants U90C and Jaussi filed their reply (Dkt. #32).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

3

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants presently challenges only Plaintiffs' trademark infringement claim. Defendants contend that Plaintiffs' infringement claim is not plausible because Plaintiffs failed to identify a valid trademark. Specifically, Defendants argue that Plaintiffs "failed (twice) to plead ownership of a distinctive, protectable trademark" (Dkt. #21 at p. 2).

Plaintiffs respond that the Court should deny Defendants' motions because "the Amended Complaint clearly states trademark infringement claims" (Dkt. #29 at p. 2). Plaintiffs claim that their trademark infringement claims are supported by a valid, protectable trademark. Plaintiffs also claim that their infringement claims are not conclusory. Plaintiffs alternatively ask the Court grant leave to file a second amended complaint in accordance with Federal Rule of Civil Procedure 15.

Plaintiffs' Amended Complaint states that "Plaintiffs' trademark has acquired sufficient distinctiveness" (Dkt. #19 at p. 3). Plaintiffs further state that the trademark "is distinctive based on its geographical identifier" and that "Texas Clubs Soccer League is known as the northwest Texas league" (Dkt. #19 at p. 3). Plaintiffs claim that the trademark "is arbitrary, has no functional or technical meaning, and is inherently distinctive" (Dkt. #19 at p. 3). Plaintiffs also assert that "[t]hrough months and years of widespread and successful use and promotion, the trademark has

4

acquired strong secondary meaning, recognized throughout soccer clubs in Texas" (Dkt. #19 at p. 3). The above-quoted language includes the entirety of the facts Plaintiffs have presented to the Court regarding the existence of a valid trademark. The allegations as presented are, at most, conclusory statements that must be disregarded under the first step of an *Iqbal* analysis. *See Iqbal*, 556 U.S. at 664.

After reviewing the current complaint, the Court finds that granting Plaintiffs one more opportunity to plead all facts that support their claim of ownership of a distinctive, protectable trademark is the appropriate remedy.

## CONCLUSION

It is therefore **ORDERED** that Defendants U90C Management Group, LLC's and Beau Jaussi's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #21) and Defendants Dawn L. Simpson, Monty D. Holloway, Michael Wilson, and the Mareau Group, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #22) are hereby **DENIED**, subject to reinstatement.

It is further **ORDERED** that within fourteen (14) days of the issuance of this Order, Plaintiffs must file an amended pleading addressing the deficiencies as described herein.

**SIGNED** this 29th day of January, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE