United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LA LIGA LEAGUE, LLC, PERFORMANCE INDOOR TRAINING, LLC and PERFORMANCE INDOOR TRAINING OUTDOOR, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U90C MANAGEMENT GROUP, LLC, DAWN L. SIMPSON and MONTY D. HOLLOWAY, BEAU JAUSSI, MICHAEL WILSON, and THE MAREAU GROUP, LLC,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § § §<br><br>CIVIL ACTION NO.  4:20-CV-00726<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Amend (Dkt. #37). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be granted.

## BACKGROUND

This case arises out of a business relationship between Plaintiffs and Defendants. Plaintiffs own and operate several soccer leagues throughout the Dallas-Fort Worth metroplex, and Defendant U90C Management Group, LLC ("U90C") manages and operates soccer tournaments in the same area. Plaintiffs sought to acquire U90C and the tournaments the U90C owned and operated. The parties also discussed the possibility of Defendants assisting Plaintiffs with the management and operation of a new soccer league created and owned by Plaintiffs. This new soccer league—the Texas Clubs Soccer League ("TCSL")—was to be sanctioned by US Club

Soccer. The management discussion quickly took priority, and the parties postponed Plaintiffs' acquisition of U90C until they had sufficient time to dedicate to the venture.

In accordance with an agreement entered into by the parties, U90C managed TCSL until May 2019—when U90C informed Plaintiffs that it wanted to cease management. Plaintiffs attempted to find a replacement for U90C. When Plaintiffs could not find a suitable replacement, Plaintiffs asked U90C to manage the league again. U90C agreed for additional compensation. U90C ceased management of the league in the spring of 2020.

This suit followed in September 2020, whereby Plaintiffs brought claims for trademark infringement, business disparagement and defamation, breach of contract, promissory estoppel, breach of fiduciary duty, tortious interference with existing contracts, tortious interference with prospective relationships, and fraudulent misrepresentation. Further, Plaintiffs seek an accounting.

On January 29, 2021, the Court issued a Memorandum Opinion and Order denying Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint (Dkt. #35). The Court ordered Plaintiffs to file an amended pleading addressing the deficiencies noted within the Order. Plaintiffs did not file within the fourteen-day window as ordered by the Court. On March 12, 2021, Defendants moved for entry of a dismissal order due to Plaintiffs' failure to replead (Dkt. #36). The same day, Plaintiffs filed the present motion (Dkt. #37). On March 16, 2021, Defendants filed a response (Dkt. #39).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's

2

request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good

cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).  Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

Plaintiffs seek leave to file a Second Amended Complaint.  Plaintiffs contend that a calendaring error by counsel resulted in their failure to replead within the fourteen days ordered by the Court (*see* Dkt. #35).  Defendants respond that Plaintiffs ignored the Court's Order and that, in any event, Plaintiffs' Second Amended Complaint is insufficient.[1]  Finally, Defendants seek an award of "fees incurred in defending against Plaintiffs' frivolous and harassing trademark claim" (Dkt. #39 at p. 6).

### I. Leave to Amend

Plaintiffs filed the present motion after the deadline in the Court's Order passed.  Under the applicable Rule 16(b)(4) standard, the Court finds good cause exists to allow Plaintiffs to file their Second Amended Complaint.[2]

---

[1] The merits of Plaintiffs' Second Amended Complaint are outside the scope of the present motion.
[2] The deadline in the Court's Scheduling Order for amending pleadings has not yet passed; however, the fourteen-day window imposed by the Court's Memorandum Opinion and Order expired on February 12, 2021.  Because Plaintiffs

4

### a. The explanation for the failure to timely move for leave to amend

Plaintiffs assert that counsel's calendaring error resulted in their failure to timely amend. Plaintiffs do not appear to contest that this factor therefore weighs against finding good cause.

### b. The importance of the amendment

Plaintiffs contend that the amendment is important because "Defendants are seeking dismissal of Plaintiffs' suit" (Dkt. #37 at p. 3). The Court agrees.

Plaintiffs were given an opportunity to amend their complaint following a finding by the Court that the current pleadings were insufficient to support a trademark infringement claim. The Court allowed repleading after analyzing the arguments contained within Defendants' motion to dismiss. Without additional support, the current pleadings regarding the existence of a valid, protectable trademark do not withstand a Rule 12(b)(6) analysis. Further, the Court already determined that the amendment was necessary—had the amendment been unimportant, the Court would not have ordered repleading. The amendment is therefore important, and the Court finds this factor weighs in favor of allowing leave to amend.

### c. The potential prejudice in allowing the amendment

Defendants will not be prejudiced because the amendment will only add specificity to an already-existing claim. Plaintiffs do not seek to assert any new legal theories. Rather, Plaintiffs seek to correct the deficiencies described in the Court's Order by repleading accordingly. Notably, Defendants have been required to defend against this claim since the inception of the case. The parties necessarily have anticipated, and perhaps have already begun, doing discovery on Plaintiffs' trademark infringement claim. Further, disallowing the amendment would not bring an end to this action. Plaintiffs bring additional causes of action that Defendants do not seek dismissal

---

are requesting leave after a deadline imposed by the Court's Order has passed, the Court finds Rule 16(b)(4)'s good cause requirement applicable.

of under Rule 12(b)(6). The Court is therefore persuaded that this factor supports finding good cause.

### d. The availability of a continuance to cure such prejudice

Defendants would not be prejudiced by the amendment. However, even assuming prejudice did exist, Defendants have the ability to move for a continuance. The pretrial conference is currently scheduled for January 6, 2022—over nine months away. Further, the deadline for Plaintiffs to amend their pleadings has not passed. Absent the Court's Order specifying a fourteen-day window, Plaintiffs could have moved to amend this complaint up to and until April 15, 2021. Further, the scheduling order provides that discovery may continue until September 15, 2021. Thus, even if prejudice did result from allowing the amendment, Defendants have the ability to seek a continuance to cure such prejudice. Accordingly, the Court finds that this factor weighs in favor of granting Plaintiffs leave to amend their complaint.

All but one factor—Plaintiffs' explanation for the failure to timely file an amended complaint—support a finding that good cause exists as to allow Plaintiffs leave to amend. The Court therefore finds that good cause exists.

## II. Exceptional Case

Defendants seek "a determination of this case as exceptional and an award of fees . . . pursuant to 15 U.S.C. § 1117" (Dkt. #39 at p. 6). In support of the fees request, Defendants cite to "Plaintiffs' egregious claim of incontestability (now abandoned), continued false claims of an arbitrary mark and inherent distinctiveness despite the Court already finding such statements to be merely conclusory, inconsistent statements, blatant disregard for the Court's Order (causing unnecessary briefing in response to Plaintiffs' attempt to save themselves), and continued pursuit of baseless claims in light of the totality of the circumstances" (Dkt. #39 at p. 6).

Defendants' fee request appears to predicate on the Court's dismissal of Plaintiff's trademark infringement claim. However, the Court has only addressed whether Plaintiffs have shown good cause as to allow leave to amend. The merits of Plaintiffs' Second Amended Complaint are outside the scope of this Order. Thus, the award of fees is likewise outside the scope of this Order. The Court therefore declines to award fees, subject to reinstating the request if Defendants seek a determination on the merits of the trademark infringement claim following issuance of this Order.

## CONCLUSION

It is therefore **ORDERED** that is Plaintiffs' Motion for Leave to Amend (Dkt. #37) is hereby **GRANTED**.

It is further **ORDERED** that Dkt. #38 is hereby deemed timely filed.

It is further **ORDERED** that Defendants' Motion for Entry of Dismissal Order (Dkt. #36) is hereby **DENIED as moot**.

**SIGNED this 12th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE